IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC.** <br> **800 TOWNSHIP LINE ROAD, SUITE 325** <br> **YARDLEY, PA  19067,** <br>                                        **Plaintiff,** <br>     v. <br> **JILL NEUBERGER** <br> **6 WILTON CIRCLE** <br> **NEW CITY, NY  10956,** <br>                                        **Defendant.** | **CIVIL ACTION NO.:** |

## COMPLAINT

Plaintiff, Community Association Underwriters of America, Inc. ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendant, Jill Neuberger ("Defendant"), complaining against her as follows:

### PARTIES

1. Plaintiff is a California corporation with its principal place of business at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in New York the insurance policy described herein.

3. At all relevant times, Plaintiff provided an in-force policy for property (*inter alia*) insurance to Germonds Village Condominiums ("subrogor") in connection with a property it was obligated to insure at 4 Germonds Village in Bardonia, New York ("subject property").

4. As a result of claims made on said policy in connection with the below-described incident, Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid per the policy, including the recovery claims asserted via this action.

5. Upon information and belief, Defendant is an adult individual domiciliary of New York who at all relevant times resided at the above-captioned address.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

7. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## FACTUAL ALLEGATIONS

8. On March 13, 2024, Defendant negligently operated a vehicle such that she drove into the subject property, causing damage thereto.

9. Upon information and belief, Defendant was the owner of said vehicle.

10. The above-described incident was directly and proximately caused by Defendant as is further and more fully described below.

11. The incident caused subrogor damages, as well as additional expenses hardship besides, in an amount in excess of $87,000.00.

12. As described above, Plaintiff paid subrogor's resultant insurance claims, thereby becoming subrogated to the recovery claims asserted via this action.

## COUNT I – NEGLIGENCE

13. Plaintiff incorporates herein by reference the foregoing paragraphs as though they were fully repeated here.

14. The aforementioned damages were the direct and proximate result of Defendant's negligence and/or other standard-non-compliant conduct, more specifically described as follows:

  a. failing to operate the vehicle in a safe manner under the circumstances;
  b. failing to operate the vehicle in a manner so as to avoid striking the subject property;
  c. operating the vehicle with disregard for the rights and safety of others and their property;
  d. failing to keep a proper lookout while operating the vehicle;
  e. operating the vehicle despite being uncertain as to it having sound and properly operating safety equipment; and/or
  f. failing to exercise reasonable care in operating the vehicle under the circumstances.

15. As a direct and proximate result of Defendant's negligent and/or standard-non-compliant acts and/or omissions, the subject property was damaged and additional expenses were incurred by subrogor in an amount in excess of $87,000.00.

16. As described herein, Plaintiff paid subrogor's resultant insurance claims, thereby becoming subrogated to recovery claims asserted via this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendant in an amount in excess of $87,000.00, plus all available interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

       **de LUCA LEVINE LLC**

    BY: */s/Andrew G. Hunt*
      **Andrew G. Hunt**
      NY ATTY I.D. NO.: 5987524
      301 E. Germantown Pike, Suite 300
      East Norriton, PA  19401
      215-383-0081 (phone)
      215-383-0082 (fax)

      ahunt@delucalevine.com
      **ATTORNEYS FOR PLAINTIFF**

**Dated:**  January 23, 20265